UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-80797-CIV-RYSKAMP/VITUNAC

JEANNOT SIMON, on his own
behalf and others similarly situated,

    Plaintiff,

v.

LEADERSCAPE LLC,
a Florida corporation,
and HOWARD GRAYSON, individually,
C.B. BUTLER, INC. d/b/a LEADERSCAPE,
a Florida corporation, and
CHAD B. BUTLER, individually

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

THIS MATTER is before the Court upon Plaintiffs' Motion to Compel Defendants to Comply with this Court's Orders, to Retain Counsel, and for Sanctions or in the alternative, for Default against all Defendants **[DE 51]** filed on October 15, 2007.

It becomes apparent that this Court must initially clarify each Defendant's status of being represented in this case.  First, it is well-settled that although individuals may appear in court *pro se*, a corporation cannot be represented in a legal action by a non-lawyer employee, officer or shareholder.  *See, e.g., Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556-57 (10th Cir. 2001); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962), *cert. denied*, 371 U.S. 950 (1963); *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook County*, 543 F.2d 32, 33 (7th Cir. 1976); *Richter v. Higdon Homes, Inc.*, 544 So. 2d 300, 300 (Fla. 1st DCA 1989); *Daytona Migi*

*Corp. v. Daytona Auto. Fiberglass Inc.*, 417 So. 2d 272, 274 (Fla. 5th DCA 1982). Thus, Defendants Leaderscape, LLC and C.B. Butler, Inc. must have legal representation to proceed in this litigation. Chad B. Butler and Howard Grayson, however, are permitted to proceed *pro se*.

In this motion, Plaintiff requests that this Court compel the parties to seek counsel. First, only corporate defendants are required to retain outside counsel. Since the individual defendants may proceed *pro se*, this Court declines to compel them to retain outside counsel. As to the corporate defendants, they were put on notice that they must retain counsel. To the extent that they have ignored that Order, Plaintiff may begin the process of requesting default judgment against those defendants.

Accordingly, it also appears that this Court must clarify the proper filing procedures for entry of default judgment. Plaintiff's counsel is encouraged to consult Federal Rule of Civil Procedure 55 and supporting case law to determine the proper filing procedure for filing a request for Clerk's entry of default and a motion for this Court's entry of default judgment. In this regard, Plaintiff did not follow proper procedure when she requested that this Court enter default judgment before first seeking the Clerk's entry of default in this Motion or in its previous motions for default, including **[DE 41]**.

Finally, Plaintiff requests sanctions against Defendants for the attorney's fees and costs incurred in the filing of motions seeking to induce Defendants' participation in this case. First, it appears that Plaintiff's Counsel has sought reimbursement for every hour spent on the case including her initial review of the case. Counsel also included a request to collect fees and costs for all of her prior attempts at seeking default judgment. As stated above, none of these prior requests followed

proper federal procedure for seeing default judgment and therefore default judgment could not be granted. As such, Plaintiff's request for fees and costs is denied.

This Court having reviewed the record and being advised on the premises, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Defendants to Comply with this Court's Orders, to Retain Counsel, and for Sanctions or in the alternative, for Default against all Defendants **[DE 51]** is DENIED.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida this 24 day of October, 2007.

    /s/ Kenneth L. Ryskamp
UNITED STATES DISTRICT JUDGE
KENNETH L. RYSKAMP

Copies furnished: all counsel of record